*Scott, for appellants.*

---

COMMONWEALTH FOR THE USE OF, ETC., *v.* NEWTON DICKERSON, ETC.

**Sheriffs and Constable—Sheriffs—Replevin Bond—Reasonable Diligence as to Surety.**

In taking a replevin bond the sheriff is required in good faith to exercise reasonable diligence and discretion in ascertaining the solvency of the sureties offered. But he is not liable for a breach of his official bond in all cases in which it may turn out that the sureties taken were insufficient.

**Sheriffs and Constable—Sheriffs—Failure to Levy Execution—Action on Bond—Sufficiency of Amended Petition.**

The amended petition specifically charges that one of the defendants in the execution, while it was in the hands of the sheriff, had in

his possession a lot of mules subject to levy and sale sufficient to pay the judgment, that the sheriff knew this and negligently failed and refused to levy.

**Held,** to be sufficient.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

### June 7, 1872.

OPINION BY JUDGE LINDSAY:

In taking a replevin bond the sheriff is required in good faith to exercise reasonable diligence and discretion in ascertaining the solvency of the sureties offered. But he is not liable for a breach of his official bond in all cases in which it may turn out that the sureties taken are insufficient. If he exercises as great degree of diligence as would have been exercised by the plaintiff (he being a reasonably prudent man) he has done all that he is required by law to do. The same rule applies where it is his duty to seize and sell property under execution, 14 B. Monroe 22. It is not necessary upon this appeal to determine whether or not the instructions of the circuit judge conforms to this view of the law, as the judgment must be reversed in any event.

The amended petition specifically charges that one of the defendants in the execution, whilst it was in the hands of the sheriff and was alive and in full force owned and had in his possession in Jessamine county a lot of mules subject to levy and sale, of value sufficient to pay appellant's judgment. That the sheriff knew this fact and negligently failed and refused to levy upon and sell them, by reason whereof appellant lost his judgment. The allegations of the amended petition were never denied.

Upon the pleadings the appellant was entitled to judgment and it would have been the duty of the court upon the motion to render judgment for him, notwithstanding the verdict of the jury against him. *Lindsey v. Ruthford,* 17 B. Monroe 242.

It is true he did not ask such action at the hands of the court, but certainly as he was entitled to judgment as the case then stood his motion for a new trial ought not to have been refused.

The judgment therefore must be reversed. The cause remanded for a new trial upon principles consistent with this opinion. Appellee should be allowed to file an answer to amended petition, in case they offer to do so within a reasonable time.

*Huston & Mulligan, appellants.*

*Wm. Brown, for appellees.*